UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DUKUREH,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2128

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

## I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner subject to appropriate conditions of supervision. (Pet., ECF No. 1, PageID.7.) In an order entered on August 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on August 6, 2026, (ECF No. 5).

## II. Factual Background

Petitioner "is a native of The Gambia who applied for admission at the Hidalgo, Texas Port of Entry on or about January 9, 2017." (Anderson Decl., ¶ 4, ECF No. 5-1, PageID.25.) "On January 10, 2017, ICE detained Petitioner and issued him a Form I-860, Notice and Order of Expedited Removal." (*Id*. ¶ 5.) On March 21, 2017, ICE served Petitioner "with a Form I-862, Notice to Appear, charging him with removability pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), because he is an immigrant who is an applicant for admission to the United Sates but [does] not possess documents necessary to be admitted to the United States." (*Id*. ¶¶ 6-8, ECF No. 5-1, PageID.26.) On May 3, 2017, Petitioner was released from custody after posting a $15,000 bond. (*Id*. ¶ 10.)

Between April 2018 and October 2024, Petitioner was arrested for a variety of moving vehicular offenses. (*Id.* ¶¶ 11–17, PageID.26–27.) On February 6, 2025, the Department of Homeland Security (DHS) cancelled Petitioner's surety bond because of his criminal activity and detained him. (*Id.* ¶¶ 18–28, PageID.28–29.). On December 19, 2025, an Immigration Judge ordered Petitioner removed to The Gambia. (*Id.* ¶ 27, PageID.29.) Petitioner did not file a timely appeal. (*Id*. ¶ 29, PageID.29.) Thus, Petitioner's order of removal became administratively final on January 19, 2026.[1] (*Id*.)

On January 25, 2026, Petitioner refused service of post-order custody review documents. (*Id*. ¶ 31, PageID.30.) On January 30, 2026, he refused to participate in an identification interview with an official from The Gambian consulate. (*Id*. ¶ 32.) On February 19, 2026, Petitioner again

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Petitioner had 30 days from the date of the decision to appeal to the BIA. 8 CFR § 1003.38, 8 CFR § 1240.15.

refused service of post-order custody review documents. (*Id.* ¶ 36, PageID.31.) Petitioner refused to cooperate with an interview with DHS and The Gambian consulate on March 16, 2026. (*Id.* ¶ 37.) On April 18, 2026, DHS issued Petitioner a "Decision to Continue Detention" because Petitioner failed to demonstrate he is not a danger or flight risk. (*Id.* ¶ 38; Decision to Continue Detention, ECF No. 5-7.)

On June 1, 2026, Petitioner notified DHS that he was willing to be interviewed by The Gambian consulate. (Anderson Decl. ¶ 40, ECF No. 5-1, PageID.32.) The consulate of The Gambia interviewed Petitioner on June 11, 2026. (*Id.* ¶ 41.) During the interview, Petitioner confirmed that he was born in The Gambia but claimed that his identification documents are fraudulent and that he is not the person portrayed on the identification documents. (*Id.*) "The consulate of The Gambia stated that it will begin an investigation into the citizenship of [Petitioner]. The investigation is ongoing." (*Id.*) DHS is continuing to work with The Gambian embassy to obtain travel documents for Petitioner's removal to The Gambia. (*Id.* ¶ 42.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that

his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas*.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Here, Petitioner has been detained for more than six months; however, as set forth above, Respondents' evidence shows that the United States government is actively working towards effectuating Petitioner's removal and that Petitioner has not been cooperating with the United States government and The Gambian government to effect removal. Accordingly, based on the record presently before the Court in this case, the petition will be denied without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 12, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge